**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

CALLOWAY ESTATE TRUST,    )
by and through its Executor and    )
Trustee, Calloway IV, Jesse,    )
   )
       Plaintiff,    )
   )    C.A. No. 2025-0907-CDW
       v.    )
   )
MERCEDES-BENZ USA, LLC,    )
   )
       Defendant.    )

**ORDER DENYING SECOND MOTION FOR
LEAVE TO PROCEED *IN FORMA PAUPERIS***

**WHEREAS:**

A.    On August 1, 2025, Jesse Calloway ("Applicant"), purportedly on behalf of an alter ego entity called the "Calloway Estate Trust" ("Alter Ego Entity"), submitted to the Register in Chancery a verified complaint ("Complaint") against Mercedes-Benz USA, LLC and an application for leave to proceed *in forma pauperis* ("First IFP Application").

B.    On August 7, the court denied the First IFP Application: Applicant did not complete the First IFP Application using Applicant's own information as required by Title 10, Section 8802(b) of the Delaware Code, and instead purported to complete the First IFP Application on behalf of the Alter Ego Entity. *See* Order Den. Mot. for Leave to Proceed *In Forma Pauperis*, Docket Item 1 ("First IFP Order") ¶ I.

C.       As the court explained in the First IFP Order, "our laws do not recognize Applicant's attempt to use the Alter Ego Entity—a fiction—as something separate from Applicant in order to exempt Applicant from federal, state, and local laws." *Id.* ¶¶ E, H.  So the court disregarded the Alter Ego Entity and denied the First IFP Application. *Id.* ¶¶ H, 1.

D.       On August 18, Applicant filed a new application for leave to proceed *in forma pauperis* ("Second IFP Application").  In the Second IFP Application, Applicant says (1) he is not employed and has no income because (purportedly) everything he does is "solely in fiduciary capacity as Executor & Trustee of Calloway Estate Trust," (2) he has no property because (purportedly) "all Property is held in trust," and (3) he has "Minimal Personal expenses" because (purportedly) the "trust covers operational obligations."  In short, Applicant says, "[n]o personal assets, property[,] or real property [are] held by me.  All assets, real property, or personal property [are] held in and by trust."  At the top of every page Applicant has added the words "Submitted under protest and with full reservation of rights, UCC 1-308, Executor & Trustee, not Surety."[1]

---

[1] Accompanying the Second IFP Application is a declaration from Applicant in which he asserts his exceptions to the First IFP Order and attaches four documents Applicant describes as follows: (1) "Military Power of Attorney (MPOA)"; (2) "Ecclesiastical Deed Poll"; (3) "Twelve Maxims of Equity"; and (4) "Scriptural Foundation of Authority."  The court does not address the substance of the

**IT IS ORDERED**, this 19th day of August, 2025, that:

1.  The Second IFP Application is DENIED.

2.  The Second IFP Application fails because, like the First IFP Application, it is based on a fiction—that Applicant and the Alter Ego Entity are separate things.  They are not.

3.  If Applicant wants the court to evaluate his eligibility to proceed *in forma pauperis* in the way that Title 10, Section 8802 allows, he must submit an *in forma pauperis* application that includes all of his financial information, none of it hidden behind the veil of his fictional Alter Ego Entity.

4.  Because the court denies leave to proceed *in forma pauperis* under Title 10, Section 8802(b), the court has not reviewed the Complaint

---

exceptions here because they are premature, as the First IFP Order was not yet a final report under Court of Chancery Rule 144.  *See* First IFP Order ¶ 3; *see also* Ct. Ch. R. 144(c)(2)(A) ("A party may take exceptions to any Report only after entry of the Final Report.").  The court does note Applicant incorrectly asserts in the exceptions that he already paid the $474 filing fee that would be due if he is not granted *in forma pauperis* status:

> The Final Report fails to address that the filing fee was tendered via a lawful, negotiable instrument—a Promissory Note—in compliance with UCC 1-103, UCC 3-603, and UCC 3-604, which Delaware has codified under Title 6.  This tender constituted full payment and satisfaction of the obligation to pay court costs.  The Court's refusal to accept the Promissory Note, without lawful cause, constitutes a dishonor of tender, a breach of commercial law, and an impairment of the obligation of contracts, in violation of Article I, Section 10 of the U.S. Constitution.

under Title 10, Section 8803 to determine if the Complaint is factually or legally frivolous or malicious.[2]

5. As with the First IFP Order, if Applicant wishes to continue this case, then Applicant has three options:

a. Applicant may submit a third application for leave to proceed *in forma pauperis* using Applicant's own personal and financial information, as Title 10, Section 8802(b) requires, without trying to treat Applicant and the Alter Ego Entity as separate entities and trying to shield Applicant's income, assets, and expenses by claiming they belong to the Alter Ego Entity. The court will then review the third application to determine whether it complies with Title 10, Chapter 8802, and, if it does, the court will then review the Complaint under Title 10, Section 8803 to determine if the Complaint is factually or legally frivolous. If Applicant chooses this option, Applicant must file the new *in forma pauperis* application by September 4, 2025, and it will be Applicant's final opportunity to file a valid *in forma pauperis* application for this Complaint.

---

[2] *See* 10 *Del. C.* § 8803. The court does not review a complaint under Section 8803(b) to determine if it is factually or legally frivolous or malicious unless and until the court first issues an order under Section 8803(a) granting leave to proceed *in forma pauperis*.

b.     Applicant may accept the denial of the First IFP Application and Second IFP Application and pay the $474.00 filing fee in the form of Federal Reserve notes or circulating coins produced by the United States Mint (*i.e.*, cash), or a personal check, certified check, or money order, which must be denominated in U.S. dollars.  If Applicant chooses this option, Applicant must pay the filing fee by September 4, 2025.

c.     Applicant may choose neither of the foregoing options and instead take exceptions to this order and the First IFP Order under Court of Chancery Rule 144.  If Applicant chooses neither of the foregoing options, the Complaint will be rejected, this matter will be considered closed, and this order will become a final report on September 4, 2025. After September 4, Applicant may file exceptions to this order and to the First IFP Order under Court of Chancery Rule 144, which must be submitted by 5:00 p.m. on September 15, 2025.

/s/ *Christian Douglas Wright*
Magistrate in Chancery